**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
------
STANLEY L. HOWARD,

        Plaintiff,

v.

CORRECTION OFFICER JAMES A. COBURN, et al.,

        Defendants.
------



DECISION & ORDER

17-cv-6042-EAW-JWF

Pro se plaintiff Stanley L. Howard ("plaintiff" or "Howard") commenced this action on January 18, 2017, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleged that, during his confinement at the Attica Correctional Facility, defendants used excessive force in violation of his Eighth Amendment rights and conducted a disciplinary hearing in violation of his due process rights. Docket # 1. Currently before the Court are plaintiff's motion for a pretrial conference (Docket # 49), motion to stay discovery (Docket # 64), and two motions to appoint counsel (Docket ## 27, 40).[1] I address each motion in turn.

Motions to Appoint Counsel (Docket ## 27, 40): Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28

---

[1] Defendants' motion to dismiss (Docket # 14), plaintiff's cross motion to dismiss (Docket # 34), and his two motions to amend the complaint (Docket ## 26, 46) were resolved by Judge Wolford in an order issued on January 29, 2019 (Docket # 70).

1

U.S.C. § 1915(e) when the facts of the case warrant it. <u>Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc.</u>, 865 F.2d 22, 23 (2d Cir. 1988); <u>see also</u> <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in <u>Hodge v. Police Officers</u>:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the <u>Hodge</u> factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. <u>See, e.g.</u>, <u>Mackey v. DiCaprio</u>, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); <u>see also</u> <u>Allen v. Sakellardis</u>, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). Indeed, plaintiff's Eighth Amendment claims were not the subject of defendants' motion to dismiss. However, after reviewing the

2

complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his injuries. The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel. Indeed, even though plaintiff indicated that he believed his incarceration and mental disabilities would impair his ability to represent himself, he has successfully done so in this case before Judge Wolford and this Court. See Docket ## 27, 40.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no

"special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Balancing the factors set forth in Cooper, the Court finds that appointing counsel is inappropriate at this time. Plaintiff's motions to appoint counsel (Docket ## 27, 40) are therefore **denied without prejudice**.

Motion for a Stay (Docket # 64): Next, in a motion filed on November 5, 2018, plaintiff requests a stay of discovery for defendants to respond to plaintiff's discovery demands and to comply with the Court's scheduling order. The motion reads more like a motion to compel defendants' responses to discovery demands and to extend the deadline for completion of discovery. Yet it is unclear from plaintiff's submission or defendants' opposition (Docket # 68) what, if any, discovery is outstanding. Accordingly, plaintiff's motion is **denied without prejudice**, but the Court will hold a status conference to discuss any remaining discovery issues and set a final scheduling order.

Motion for a Pretrial Conference (Docket # 49): Finally, referencing a "[d]iscovery dispute," plaintiff requests an pretrial conference. Docket # 49. For the aforementioned reasons, plaintiff's motion is **granted** to the extent that it requests a conference to discuss current discovery issues.

## Conclusion

For the reasons set forth above, plaintiff's motions for appointment of counsel (Docket ## 27, 40) are **denied without prejudice**, his motion to stay (Docket # 64) is **denied without prejudice**, and his motion for a pretrial conference (Docket # 49) is **granted**. Per Judge Wolford's recent decision, plaintiff shall provide to the Court and defense counsel a physical description of the officer named in the Complaint as Corrections Officer Riley. By March 8, 2019, defense counsel shall submit a response, indicating whether this information allows for identification of the corrections officer in question. This Court will hold a status conference to discuss any outstanding discovery issue and to set a final scheduling order on March 13, 2019, at 9:30 a.m.

**IT IS SO ORDERED.**

                                                _____
                                                JONATHAN W. FELDMAN
                                                United States Magistrate Judge

Dated:    February 4, 2019
             Rochester, New York