UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STATES DISTRICT
FILED
SEP 2 4 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

STANLEY L. HOWARD,
            Plaintiff,

**DECISION & ORDER**
17-cv-6042-EAW-JWF

v.

CORRECTION OFFICER JAMES A. COBURN,
et al.,
            Defendants.

## Preliminary Statement

Proceeding pro se plaintiff Stanley L. Howard ("plaintiff" or "Howard") commenced this action on January 18, 2017, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, during his confinement at Attica Correctional Facility, defendants used excessive force in violation of his Eighth Amendment rights and conducted a disciplinary hearing in violation of his due process rights. Docket # 1.

Plaintiff served requests for the production of documents on July 19, 2018 (Docket # 41). Defendants responded on October 5, 2018 by providing some documents and withholding others (Docket # 59).

Currently before the Court is plaintiff's motion to compel responses to these discovery requests. Docket # 78. A discovery conference was held on March 13, 2019, during which some findings were made. Docket # 85. The Court indicated that it would issue

a Decision and Order confirming the findings made on the record and addressing each of plaintiff's discovery requests in turn.

After the conference, on March 18, 2019, defendants filed a memorandum of law opposing plaintiff's requests, but also providing some responses to plaintiff's requests. See Docket # 82. Defense counsel later sent some additional documents to plaintiff. See Docket # 86. Plaintiff contests the substance and sufficiency of this production. See Docket ## 87, 89-91.

This Decision and Order confirms the findings the Court made on March 19, 2019, and, as discussed that day, addresses plaintiff's remaining requests.[1] Although it does appear that defendants have responded to some of plaintiff's requests, for the sake of clarity, and in an effort to move this case along, defendants shall provide all documents and information consistent with this Decision and Order by November 6, 2019, even if it had been previously provided to plaintiff.

## Interrogatories

As an initial matter, plaintiff raised at the conference that defendants have apparently not responded to any of plaintiff's interrogatories. See Docket ## 74, 83, 86. Defendants shall answer these interrogatories by the above date.

---

[1] In some instances, the Court quotes directly from plaintiff's requests and, in others, the Court summarizes the request for the sake of clarity.

## Requests for Production of Documents

**Request 1:** Any other complaints or lawsuits filed against Attica Correctional officers bearing a resemblance to the complaint made by plaintiff.

**Ruling:** Granted to the extent defendants shall disclose (1) any prior allegations or claims against defendants similar to the allegations in this case and (2) any prior allegations or claims involving the defendants' truth or veracity. See Redd v. City of Rochester, No. 15-CV-6049, 2016 WL 4702831, at *2 (W.D.N.Y. Sept. 7, 2016) ("Disciplinary records of defendants are normally discoverable in § 1983 actions insofar as such prior complaints concern (1) the truth or veracity of the defendant or (2) similar conduct to the type of allegations made in this case - namely, unlawful strip searches."); Simcoe v. Gray, No. 10-CV-6531, 2012 WL 1044505, at *3 (W.D.N.Y. Mar. 28, 2012) (citing Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009)); Session v. Rodriguez, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997).

**Request 2:** Policies or directives from Attica Correctional Facility regarding the use of handcuffs.

**Ruling:** Satisfied by defendants' document responses (Docket # 59, Ex. A).

3

**Request 3:** Policies or directives from Attica Correctional Facility regarding the use of force.

**Ruling:** Satisfied by defendants' document responses (Docket # 59, Ex. B).

**Request 4:** Policies or directives from Attica Correctional Facility regarding fire and safety procedures in processing injury photographs, nursing staff procedures for taking injury photographs of inmates, as well as color photos of plaintiff and Defendant Coburn following the incident.

**Ruling:** Satisfied by defendants' document responses (Docket # 59, Ex. B and C).

**Request 5:** All sick call requests sheets from 8-25-15 to 10/5/18.

**Ruling:** Denied as moot. Defense counsel indicated that there were no sick call requests for this time period.

**Request 6:** All medical reports on C.O. Coburn and C.O. Rejman following the alleged incident including reports from C.O. Coburn's personal physician on any and all injuries and any ongoing medical conditions or injuries as a result of this incident.

**Ruling:** Satisfied by defendants' document responses (Docket # 59, Ex. D).

**Request 7:** No request 7 was included in the demands.

**Request 8:** "Any logs, lists or other documents created by any Attica CF staff member or any other Department of Correction employee or official in response to a grievance filed by the

4

Plaintiff from 8-5-15 to 10-15-15 concerning his medical care, being assaulted by staff, fearing for his safety at Attica CF or any appeals of that grievance, with its investigation instructions and actions reported."

**Ruling:** Satisfied.

**Request 9:** "Any logs, lists or other documents created by any Attica CF staff member or any other Department of Correction employee or official in response to a grievance/ letter filed by an inmate at Attica (CF) or any DOCC's facility on Officer's Biekert, Bly Kingsley, Hopkins, Puma or Puna, Keith Swack, Sean Warner and Matthew Rademacher from the 2011 beating of an inmate at Attica CF up to the date of your response."

**Ruling:** Granted to the extent consistent with the Court's ruling on Request 1 and denied in all other respects.

**Request 10:** "Any documents, briefs, sentencing minutes, Grand Jury Minutes, settlement arguments made and DOCC's memoranda posted on the 2011 arrest, lawsuits in 2015 and any other like and similar court proceedings concerning staff at Attica CF assaulting inmates and what actions were taken by the Superintendent(s) and the court(s). The 2011 Officer Warner, Rademacher and Swack plead agreements along with the 2015 Officers plead agreements [sic]."

**Ruling:** Satisfied in defendants' document responses (Docket # 59 at 4).

**Request 11:** No request 11 was included in demands.

5

**Request 12:** "Any and all documents, including but not limited to medical records at Attica CF, ECMC [Hospital] the night Plaintiff was seen, treated and released on 8-28-15, any logs, lists, progress notes, pain medications given and names of all staff who attended with the Plaintiff at ECMC. Two women from Prea, two nurses from ECMC, two corrections [officers] from Attica and [an] OSI agent from Albany names are requested."

**Ruling:** Granted. To receive the documents, however, plaintiff must execute a HIPAA release form for ECMC and return it to defendants' counsel.

**Request 13:** "Any document, list, log or report of the Plaintiff's [chronological] history of each cell he was housed in from 8-1-15 to 12-15-16 at Attica CF and other [facilities] after being housed at Attica."

**Ruling:** Granted to the extent the facility retains documents as to specific cell location. Defendants previously provided a chronological history printout (Docket # 59, Ex. F).

**Request 14:** "Any documents, log or list from the SHU area at Attica CF pertaining to the entire time Plaintiff was there when other inmates were assaulted, harassed and [threatened] at Attica CF in their SHU housing [area]. Who complain of those assaults and the length of time I did in SHU from 8-28-15 until March 1, 2016! The floor [plans] to the OM Post outside the A&B messhalls [sic] at

6

Attica CF and who were the Sgt's [sic] or supervisors' on that duty post 8-28-15 morning time."

**Ruling:** Denied as compromising security and safety of other inmates.

**Request 15:** "Any medical and mental health records for Officer Coburn that concerns his alleged [psychological] and emotional distress."

**Ruling:** Satisfied in defendants' document responses (Docket # 59, Ex. D).

**Request 16:** "Any FBI reports, investigational or otherwise pertaining to [an] incident in early 2015 involving [an] inmates eye getting knock out two weeks before he went home and the reports, logs, documents and regulations that came from the special committee that was formed due to that assault on inmate by staff at Attica CF in 2015 and now camera's [sic] all over."

**Ruling:** Granted insofar as defense counsel shall provide a copy of any such FBI or DOJ report if it is publicly available and denied in all other respects. Plaintiff may contact prisoner legal services for assistance in contacting FBI or DOJ regarding such a report.

**Request 16:** (sic) "Any policy, documents, instructions, memoranda, or reason(s) for why all the camera's [sic] was placed at Attica CF due to the FBI and special appointed committee's investigation(s) in 2015."

7

**Ruling:** Denied.

**Request 17:** "All inmates who were at the special appointed committee meetings being asked for options to stop assaults on inmates from Attica Corr. Fac. Staff members in 2015, all logs and meeting transcripts pertaining to the assaults on inmates from staff."

**Ruling:** Denied. None of those individuals are parties in this case nor is it relevant to the case.

**Request 18:** "Asking for any misbehavior reports written on inmates on charges of assault on staff at Attica (CF) in 2011 to 2016."

**Ruling:** Denied.

**Request 19:** "Any lawsuits against Attica staff members from 2011 to 2016 involving the same cause(s) of action the Plaintiff complaint is pertaining to. All photographs of inmates who had injuries from being assaulted. Attica CF staff members between 2011 to 2015."

**Ruling:** Granted only to the extent consistent with the Court's ruling on Request 1 and denied in all other respects. Defendants shall therefore disclose (1) any prior allegations or claims against defendants similar to the allegations in this case and (2) any prior allegations or claims involving the defendants' truth or veracity.

**Request 20:** "Any names, Din [sic] numbers and current housing location of the inmates who were housed on the two gallerys [sic]

8

in A-Block that the Plaintiff was housed in for the entire time at Attica CF. i.e. the neighbors of the Plaintiff five cells each side of him while he was housed on those two A-Block companys [sic], housed in MHU RCTP cell #7, SHU cell Plaintiff was in and Southport cells, All inmates who was housed near the Plaintiff from 8-1-15 to 2-3-16."

**Ruling:** In a letter to the Court dated March 25, 2019, defense counsel indicated that plaintiff had sent a list of questions he wanted to ask the above witnesses and defendants objected to those questions arguing that they are improper and a "series of 'interrogatories' and exhibits essentially instructing the recipient as to exactly what Plaintiff wishes them to testify to." Plaintiff is reminded that the questions should be open-ended and allow the recipient to, should he so choose, respond by indicating what he knows. For example, plaintiff may ask "what did you witness?" but not "did you witness . . ." Plaintiff may not testify for the recipient.

Plaintiff's request is therefore granted insofar as plaintiff may send another letter to defense counsel outlining the open-ended questions he would like to ask the witnesses identified by defendants in their opposition (Docket # 82, at 3) as currently incarcerated, to wit Anderson # 10-A-1152 and Levirra # 01-A-4176. Defense counsel will then send plaintiff's questions to the above witnesses with directions that, should they wish to answer the

questions, they should send their responses directly to the Court. If the Court receives any such responses, it will forward them to plaintiff.

**Request 21:** The identities of the two admissions officers in the MHU RCTP on 8/28/15 and identities of the MHU and Medical nurse on duty on that date and information regarding how long another inmate ("Marshal") was housed in "seven cell" in the RCTP in August 2015, along with his name, current housing location.

**Ruling:** Satisfied in defendants' opposition to plaintiff's motion (Docket # 82, at 3).

**Request 22:** Copies of memorandum from Superintendents Noeth and Artus to the plaintiff as well as any responses to letters or grievances from plaintiff from 8/5/15 to 10/31/15, and policy on whether a supervisor must be posted at the OM post booth outside the A and B mess halls.

**Ruling:** Satisfied. In a representation to the Court, defense counsel has indicated that all such documents have already been provided (Docket # 59, at 5).

**Request 23:** "Any policy, memorandum or custom that superintendent Artus posed [sic] all over Attica CF to prevent assaults on inmates like the Plaintiff from his staff in 2015."

**Ruling:** Denied.

**Request 24:** "All log book entrys [sic] in the MHU RCTP pertaining to Plaintiff on one on one suicide watch, the officer watching the

10

security camera's, handing out meals and maning [sic] the intake desk & doing rounds 8-28-15 to 9-5-15."

**Ruling:** Granted insofar as defendants shall produce any log book entries pertaining to or referring to plaintiff on the specified dates.

**Request 25:** Documents created between 2011 to 2016 regarding inspections (in any way) or complaints about safety or risk of abuse (of any kind) by staff towards inmates either formal or informal, written or verbal and any appeals pertaining to these issues, including responses to any documents that do exist by the "Attica CF staff or agents at OSI." Also "photographs of the grey gates outside A & B mess hall at Attica and DNA retrevor [sic] of that grey gate. (DNA analysis - conducted)."

**Ruling:** Denied as overly broad.

**Request 26:** "All documents that evidence, mention or refer to the assaults and sexual abuse on Plaintiff by C.O. Kingsley, Biekert or Bly the second assault & sexual abuse on 8-28-15 including but not limited to medical records from nurses on duty, statements from staff and OSI investigative materials, and documents relating to subsequent staff discipline, if any."

**Ruling:** Granted insofar as defendants shall send a copy of any responsive documents to the Court for an in camera review.

**Request 27:** Any documents that refer to employee disciplinary records regarding correction officer conduct as well as the results

11

at Attica from 2011 to 2017, and records of any previous dismissals or court proceedings from previous placements held by defendants due to misconduct. Also "those detailed files, records, reports and documents; listed or not. i.e. C.O. Pritcher arrest."

**Ruling:** Granted only insofar as consistent with the Court's ruling on Request 1.

**Request 28:** "Any other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's complaint on the defendants and the C.O. workers in A-Block, MHU RCTP, and SHU area's [sic] that is not defendants in the second amendment complaint."

**Ruling:** Denied as incomprehensible and overly broad.

**Request 29:** Any documents referring to any insurance policy which might cover litigation expenses, including attorney's fees or other injunctive relief.

**Ruling:** Denied as overly broad and irrelevant.

**Request 30:** "Request the employee Rasta [sic] of everyone who worked at Attica CF in 2015?"

**Ruling:** Satisfied. In a representation to the Court, defense counsel has indicated that all such documents have already been provided (Docket # 82, at 4).

**Request 31:** "All ground round slips for yard, chow & showers in the AM, PM and 3 to 11 shift from 8-12-15 to 8-28-15? I was only given the dates for 8-20-15, 8-22-15, 8-23-15, 8-24-15, 8-27-15

12

for the AM & PM and I was only given August 20-2015, 8-21-1 [sic], 8-22-15, 8-23-15, 8-24-15, 8-26-15, & 8-27-15 for the 3 to 11 gallery round sheet from the defendants initial disclosure discovery documents. Also request a [sic] in-camera viewing by the court of the original gallery A-Block activity & round sheet(s) because the copies submitted to the Plaintiff are in question."

**Ruling:** Satisfied. In a representation to the Court, defense counsel has indicated that all such documents have already been provided to plaintiff (Docket # 82, at 4).

**Request 32:** Surveillance video of the elevator leading to SHU on 8-28-15.

**Ruling:** Granted insofar as defense counsel will arrange for plaintiff to have a controlled review of all video evidence.

**Request 33:** "All documents pertaining to the procedures for transporting a [sic] inmate to SHU when the incident involves an assault of any kind in the mess hall corridor?"

**Ruling:** Satisfied by defendants' document responses (Docket # 59, Ex. H).

**Request 34:** "All video that views the from [sic] of the A-mess hall and B-mess hall gates entrances on 8-28-15 the exact time of the incident the Plaintiff complains of?"

**Ruling:** Granted insofar as is consistent with the Court's ruling on Request 32 and denied in all other respects.

**Request 35:** All documents regarding which guards and supervisors were on duty and assigned to the A & B mess halls on 8-28-15.

**Ruling:** Satisfied.

**Request 36:** Surveillance video of SHU area during the alleged incident.

**Ruling:** Granted insofar as is consistent with the Court's ruling on Request 32 and denied in all other respects.

**Request 37:** Names of all staff on duty in SHU on 8-28-15.

**Ruling:** Satisfied by defendants' document responses (Docket # 59, Ex. I).

**Request 38:** "All past incident reports from superintendent Artus, Acting Super- Noeth, DSS, DSP and all the staff members at Attica involving inmates being denied, deprived & burnt on meal's, [sic] recreation, showers in the blocks & yard, denied in-cell water & electricty [sic] being cut off for days on end purpose or being assaulted physically and sexually by staff for any reason from 2014-2017."

**Ruling:** Granted insofar as is consistent with the Court's ruling on Request 1 and denied in all other respects.

**Request 39:** Any Department of Justice reports or warnings regarding "deprivations" noted in request 38.

**Ruling:** Granted insofar as is consistent with the Court's ruling on Request 16 and denied in all other respects.

14

**Request 40:** "All statements & documents from & about C.C.W., supervisor ORC L., ORC S., and Swiim [sic]. On Plaintiff's Grievance #A-65157-15 filed on 8-17-15 with a hearing date of 12-16-15?"

**Ruling:** Denied as incomprehensible. Defendants indicated in their opposition to plaintiff's motion that they provided Grievance file A-65157-15 in its entirety (Docket # 82 at 4, Ex. A).

**Request 41:** "Request all documents of the governor office, superintendent at Attica CF office, the OSI in Albany, the District Attorney Office out of Wyoming County and the Commissioner Office that pertain to the Article §75 motion paper & the Plaintiff filed with Officer Puma/Puna and other named defendants as the parties-vs-the Plaintiff, filed on Nov. 12 2015 [sic] with Deputy Counsel Nancy J. Heywood, who sent a copy of the Plaintiffs Article 75 motion papers back to the Plaintiff with a copy going to the superintendent of Attica."

**Ruling:** Denied as incomprehensible.

**Request 42:** "Request color photo's [sic] of the [MHU] RCTP Admission cage area where patients are placed to strip frisk and photo's [sic] of cell #7 the Plaintiff was housed in, photo's [sic] of the room with the camera system the one on one watch Officer is located in to watch all the OMH patients, photo's [sic] of the lobby desk area in distance to the cage area of admission strip

15

frisk, photo's [sic] of the OM-post area- all the way between both grey gates you must walk trough [sic] to get to the A & B mess hall's black gates of the entrance, also photo's [sic] are requested of the duty officers post area(s) outside that black gated entrance's [sic] to both mess halls. . ."

**Ruling:** Denied as compromising to facility security.

**Request 43:** Any Article 75 complaints filed by inmates or other staff on any of the named defendants. Also requesting any staff complaints of fighting, harassment, or assaults between staff members between 2011 and 2017.

**Ruling:** Granted insofar as is consistent with the Court's ruling on Request 1 and denied in all other respects.

**Request 44:** "Request the documents showing when defendant James A. Coburn came back to work after 8-28-15, (first day back)."

**Ruling:** Satisfied by defendants' document responses (Docket # 59, at 12).

**Request 45:** "Request any and all documents pertaining to defendant Pritcher's arrest in 2017 for assault on a prisoner or transfer out of Attica CF in 2017."

**Ruling:** Denied. Pritcher is not a defendant.

**Request 46:** "Request the documents showing when any defendants got promotions, pay cuts, locked out of the prison by the superintendent or unauthorized pay increases over the course of five years."

16

**Ruling:** Denied as irrelevant and burdensome.

**Request 47:** Documents or articles regarding how many cases and what types of cases the Attorney General's Office has settled with inmates or employees at Attica between 2011 and 2018, including amounts, case citations and decision details.

**Ruling:** Denied as overbroad. However, as discussed above in the Court's ruling on Request 1, defense counsel will provide any grievances or lawsuits in the personnel files of defendants.

**Request 48:** A signed letter by defendant Coburn's doctor stating defendant Coburn was seen on 8/28/15 as well as receipts from hospital bills from that date until 2017.

**Ruling:** Denied. Relevant medical records have already been turned over. This request calls for the creation of documents not currently in existence.

**Request 49:** Arrest report on Officer Pritcher, and any complaints regarding any named defendants from inmates between 2011 and 2018.

**Ruling:** Denied. Pritcher is not a party and defense counsel has agreed to look for any other complaints regarding named defendants in their personnel files.

**Request 50:** "Any initial disclosures the defendants know of that pertain to the newly added by name only defendants starting with Bly, Diekert, Bell, Conchran, Zolan, Leonard, . . . etc. The same way the first eight/seven defendants had to submit discovery

disclosures to Plaintiff, and the other 19 defendants are asked to do the same."

**Ruling:** Denied as incomprehensible. Defendants have already filed Rule 26 initial disclosures. See Docket ## 39, 80.

**Request 51:** Documents retained at Attica regarding "the reasons why camera's [sic] had to be ordered to put in Attica everywhere" including memos, directives or policies regarding any FBI or DOJ reports which are critical of Attica regarding complaints of the type made by plaintiff.

**Ruling:** Denied. Note, however, that under the Court's ruling on Request 16, defense counsel will produce any such FBI or DOJ report it has in its possession.

**Request 52:** Records regarding names or those on duty "who took the A-Block Gallery activity sheet's [sic] and the 3-11 Gallery round sheets on 8-19-15 to 8-27-15 at Attica CF for the mornings, afternoons and evenings of the above-mentioned days."

**Ruling:** Denied. Defense counsel indicated in its responses to plaintiff's demands that these records do not exist and were preserved for only 60 days. See Docket # 59, at 15. Defendants produced the gallery sheets in their responses to plaintiff's demands (Docket # 59, Ex. J).

**Request 53:** "Any documents held by the IRC supervisors officer at Attica CF pertaining to defendant Coburn, e.g. what days between

8-17-15 and 8-27-15 did he do/fill out the A-Block gallery activity sheets and the 3-11 Gallery round sheets on A-1 gallery."

**Ruling:** Denied. Defendants' counsel indicated in their responses to plaintiff's demands that these records to do not exist and are preserved for only 60 days. See Docket # 59, at 15. Defendants produced the gallery sheets in their responses to plaintiff's demands (Docket # 59, Ex. J).

**Request 54:** "Any documents, reports. . . etc. held by the IRC supervisors officer and or Albany office that states what the marks of X or the circle means around the cell locations on A-1 gallery at Attica CF on the days of 8-20-15 to 8-27-15."

**Ruling:** Denied as incomprehensible.

**Request 55:** "Any documents, log book entry, reports, statements. . . etc [sic] pertaining to the identity of the officer who was working/on duty with C.O. Kingsley on 8-28-15 during that mornings [sic] admissions process/strip frisk of the Plaintiff in the [MHU] RCTP duty post. . . i.e. was it C.O. Biekert or C.O. Bly, who was strip frisking the Plaintiff with C.O. Kingsley on 8-28-15."

**Ruling:** Granted insofar as any such documents exist. Defense counsel has represented that defendants were unable to locate any responsive documents. See Docket # 59, at 15. Defense counsel is reminded however, that if such documents do exist, defendants must supplement their response to this request.

**Request 56:** What duties were defendant Biekert performing on the morning of 8-28-15?

**Ruling:** Satisfied. See Docket # 59, at 16.

**Request 57:** Any documents relating to what duties defendant Bly was performing on the morning of 8-28-15.

**Ruling:** Satisfied. See Docket # 59, at 16.

**Request 58:** "Any document, log book entries, reports. . . etc. showing the duty post of the officer who was monitoring the camera's [sic] of cell #7 in the [MHU] RCTP area in Attica CF."

**Ruling:** Granted insofar as any such records exist. Defense counsel has represented that defendants were unable to locate any responsive documents. See Docket # 59, at 15. Defense counsel is reminded however, that if such documents do exist, defendants must supplement their response to this request.

**Request 59:** Documents showing the full names of various individuals who are not parties to this case.

**Ruling:** Satisfied. Based on the limited information plaintiff provided, defendants gave two names. See Docket # 59 at 16. None of the individuals are parties to this case.

**Request 60:** "Any documents showing the full names of C.O. Noland the SHU escort officer on 8-25-18 of the Plaintiff, C.O.W. . . who is stated in a grievance filed under A-65157-15 on 8-17-15, Co. [sic] Y. . . whose last names was in Plaintiff's Article 75 Motion to Attica CF superintendent Dale Artus."

**Ruling:** Satisfied. Based on the limited information provided, defendants provided two names. See Docket # 59, at 16. In their opposition to plaintiff's motion, defendants indicated that the "facility was unable to identify 'Officer Y' based on the limited information provided." Docket # 82, at 5.

**Request 61:** "Any document, movement & control document of a transfer or not pertaining to where the inmate witnesses are located currently. . ." included are list of last names and cell or identification numbers of those inmates whose location is sought.

**Ruling:** Denied as compromising security and inmate safety.

**Request 62:** "The entire hearing packet for the Plaintiffs [sic] superintendent hearing. . ." (remainder of sentence cut off).

**Ruling:** Granted. In their responses to plaintiff's demands, defendants indicated that the hearing packet has already been produced. See Docket # 59, at 17. Given the importance of this document, defendants shall provide it again to plaintiff.

**Request 63:** Medical records from ECMC Hospital in Buffalo from Plaintiff's visit regarding the alleged incident on 8-28-15.

**Ruling:** Granted. The records, however, cannot be sent until plaintiff signs and returns a HIPAA release form. See Docket # 82, at 5. Once received, defense counsel will seek any records responsive to this request. A HIPAA release form was attached as Exhibit E to defendants' responses to plaintiff's document request

(Docket # 59, Ex. E). Defense counsel shall send another HIPAA release to plaintiff.

**Request 64:** All documents or reports from the OSI agent and Albany office regarding the alleged incident on 8/28/15.

**Ruling:** Satisfied. See Docket # 59, at 17.

**Request 65:** "Any document, report or log book entries with the full name of the nurse who stated that the Plaintiff refused admission vitals, was unresponsive and did not answer her on her nursing progress note on 8-28-15 in the [MHU] RCTP area at Attica CF."

**Ruling:** Granted insofar as any such records exist. Defense counsel has represented that defendants were unable to locate any responsive documents. See Docket # 59, at 18. Defense counsel is reminded however, that if such documents do exist, defendants must supplement their response to this request.

**Request 66:** "Any document, log book entries or reports that clearly show C.O. Puma/Puna full name on 8-28-15, he was the Officer who endorsed C.O. Coburns [sic] MBR on 8-28-15?"

**Ruling:** Satisfied. See Docket # 59, at 18.

**Request 67:** "Any document, log book entries held by the IRC Supervisors office at Attica CF showing the full names of the two Officers on duty on 8-28-15, one located in front of the A-mess hall gate and the othe [sic] at the B-mess hall gate."

**Ruling:** Satisfied. See Docket # 59, at 18.

22

**Request 68:** "Any documents, reports, log book entries or statements made by staff pertaining to the full name of the SHU Officer in the photographs of the Plaintiff during the medical Injury [sic] photo's process on 8-28-15 after the incident near the OM-Post. e.g. [sic] the Officer is the one holding tightly to the Plaintiff's left arm in the photographs, he is a chubby white male looking at the Plaintiff menacingly."

**Ruling:** Satisfied. See Docket # 59, at 20.

## Conclusion

For the reasons explained above, plaintiff's motion to compel (Docket # 78) is **granted in part** and **denied in part**. Consistent with this Decision and Order, defendants shall provide the documents and information detailed above by November 6, 2019. Also by November 6, 2019, defendants shall answer plaintiff's interrogatories (see Docket ## 74, 83, 86).

**SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:    September 24, 2019
          Rochester, New York

23