UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STANLEY L. HOWARD,

                               Plaintiff,

-vs-

CORRECTION OFFICER JAMES A.
COBURN, et al.,

                              Defendants.

DECISION AND ORDER

17-CV-6042-EAW-MJP

---

**Pedersen, M.J.** *Pro se* Plaintiff Stanley L. Howard's (hereinafter "Plaintiff") Complaint, dated January 9, 2017, claims a violation of 42 U.S.C. 1983 stemming from two incidents alleged to have occurred on August 28, 2017, at Attica Correctional Facility. (ECF No. 1.)

The parties appeared before the Court on January 15, 2020, for the purpose of resolving certain outstanding discovery disputes. Plaintiff disputed responses to several interrogatories served on four of the defendants, including Officer James A. Coburn (ECF Nos. 74 & 99), Craig Rejman (ECF Nos. 74 & 97), Richard Kingsley (ECF Nos. 74 & 98) and Jason F. Stefaniak (ECF Nos. 74 & 101). The Court ruled on some of the discovery requests from the bench and indicated that an order would be issued regarding additional rulings. Defendant also objected to Plaintiff's service of a Second Set of Interrogatories, asserting that Plaintiff had already served the maximum amount permitted under Rule 33(a)(1) of the Federal Rules of Civil Procedure. The Court

addresses each issue below.

**<u>Plaintiff's Disputes Regarding Defendants' Interrogatory Responses</u>**

In correspondence to the Court, dated November 29, 2019, Plaintiff sought a "pretrial conference" for the purposes of addressing what Plaintiff believed were outstanding interrogatory responses, documents that had not been produced by Defendants and the name of the officer who conducted the "stop frisk" on Plaintiff on August 28, 2015. (ECF No. 104.) During the conference held pursuant to Plaintiff's request, the Court reviewed the interrogatories served by Plaintiff on four of the five named Defendants.

**<u>Interrogatories served on Defendant Kingsley (ECF Nos. 74 & 98.)</u>**

Plaintiff indicated that he did not receive responses or complete responses to interrogatory numbers 6, 20 and 21. The Court ruled from the bench on interrogatory number 6, which asked "[h]ave you ever had a grievance filed against you for using excessive force on a [sic] inmate at Attica corr. [sic] Facility?" (ECF No. 74 at 14.) Defendant Kingsley responded "[t]o the best of my knowledge I have never been so grieved. I have never been the subject of a grievance or complaint that was sustained." (ECF No. 98.) Defendants' counsel explained to Plaintiff and the Court that no mechanism exists to look up grievances by correction officer and that this would have to be done by hand. The Court ruled from the bench, finding that Defendant Kingsley's response to interrogatory 6 was sufficient.

Interrogatory 20 asked "[h]ave you ever had a lawsuit pending against

you For [*sic*] any reason while you were a corrections officer?" (ECF No. 74 at 15.) Defendant Kingsley responded "[t]o the best of my knowledge I was named in a couple of lawsuits, but all were dismissed before trial." (ECF No. 98.) The Court asked defense counsel to review Pacer for each Defendant to see if they had been named in a lawsuit that was similar in nature to the present matter. Defense counsel informed the Court in correspondence, dated January 16, 2020 (ECF No. 106), that he conducted this search and mailed the results to Plaintiff. Accordingly, the Court presumes that Plaintiff's concerns with interrogatory 20 are resolved.

Interrogatory 21 asked "[h]ow many times have you been placed on Workers compensation since becoming a corrections officer?" (ECF No. 74 at 15.) Defendant Kingsley objected to the interrogatory on the grounds that it was not relevant to the case at bar and the Court sustained the objection from the bench.

Finally, Plaintiff indicated that Defendant Kingsley's interrogatories were not signed. The Court ruled from the bench on this issue explaining that Defendant Kingsley's interrogatories were "s/," which was sufficient.

**Interrogatories served on Defendant Coburn (ECF Nos. 74 & 99.)**

During the court appearance, Plaintiff asked the Court to direct Defendant Coburn to respond to Plaintiff's Second Set of Interrogatories. For the reasons set forth below, Plaintiff has already exceeded the number of interrogatories he is statutorily permitted to ask Defendant Coburn and,

3

therefore, this request is denied.

### Interrogatories served on Defendant Stefaniak (ECF Nos. 74 & 99.)

Plaintiff sought responses to interrogatories 9 and 10 as Defendant Stefaniak objected to both on the grounds that the interrogatories sought information that was irrelevant to the case at bar. Interrogatory 9 asked "[h]ave you ever observed employees fighting in the parking lot of Attica?" (ECF No. 74 at 8.) Interrogatory 10 asked "[h]ave you ever reported to a supervisor of another employees [sic] misconduct and if yes, what type of misconducts [sic]?"(ECF No. 74 at 8.) The Court indicated that it would issue a written decision regarding interrogatories 9 and 10 after reviewing the Complaint to determine if the requested information is relevant. After having reviewed the Complaint, the Court sustains Defendant Stefaniak's objections on the grounds that the requested information is irrelevant. Accordingly, Defendant Stefaniak is not required to respond to those interrogatories.

### Interrogatories served on Defendant Rejman (ECF Nos. 74 & 97.)

Plaintiff indicated that he was not satisfied with Defendant Rejman's responses to interrogatory numbers 8 and 14. Interrogatory 8 asked "[h]ow many Inmate [sic] grievances have been filed against you roughly?" (ECF No. 74 at 6.) Defendant Rejman objected to the interrogatory on the grounds that it sought irrelevant information and indicated that "[w]ithout waiving that objection, to my knowledge I have never been the subject of a sustained grievance. Over the past 10 years there have been a small number of

4

unsustained grievances filed against me but I do not know how many." (ECF No. 97 at 1.) Defendants' counsel explained to Plaintiff and the Court that no mechanism exists to look up grievances by correction officer and that this would have to be done by hand. The Court ruled from the bench, finding that Defendant Rejman's response to interrogatory 8 was sufficient.

Interrogatory 14 asked "[h]ave you witnessed or heard about the parking lot fighting between staff members?" (ECF No. 74 at 6.) Defendant Rejman objected to the interrogatory on the grounds that the information sought was irrelevant but also indicated that he had "no knowledge of any fighting in the parking lot." (ECF No. 97 at 2.) The Court ruled from the bench that Defendant Rejman sufficiently answered the interrogatory and no further response was necessary.

### Defendants Coburn and Kingsley are not required to respond to Plaintiff's Second Set of Interrogatories (ECF No. 108.)

Plaintiff served interrogatories, dated February 6, 2019, on all Defendants, with a separate set of interrogatories directed to each Defendant. (ECF No. 74.) Plaintiff served 42 interrogatories on Defendant Coburn. (ECF No. 74 at 1–4.) Defendant Coburn responded to the first twenty-five interrogatories and objected to the remaining interrogatories on the grounds that they exceeded the limit permitted by Federal Rule of Civil Procedure 33(a)(1). (ECF No. 99.) Plaintiff served 27 interrogatories on Defendant Kingsley. (ECF No. 74 at 13–15.) Defendant Kingsley also responded to the first twenty-five interrogatories and objected to the remaining interrogatories

5

on the same grounds as Defendant Coburn. (ECF No. 98.)

Plaintiff thereafter served "Plaintiff [*sic*] Second Set of interrogatories [*sic*] to Defendant(s)," dated November 21, 2019, directed only to Defendants Coburn and Kingsley, which contained 17 additional interrogatories to Defendant Kingsley and 26 additional interrogatories to Defendant Coburn. (ECF No. 108.)

Federal Rule of Civil Procedure 33(a)(1) provides:

(a) In General.
   (1) *Number*. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

With his first set of interrogatories propounded to Defendants Coburn and Kingsley, Plaintiff exceed the 25 interrogatory limit. Plaintiff did not seek leave of court to serve additional interrogatories in excess of the statutory limit. Thereafter, Plaintiff served additional interrogatories on Defendants Coburn and Kingsley, without seeking leave from the Court. Accordingly, Defendants Coburn and Kingsley are not required to respond to Plaintiff's Second Set of Interrogatories.

### Discovery deadline

During the Court appearance, the Court suspended any deadlines to the extent that they had not already run. The Court further directed Defendants to review the deadlines and inform the Court of their status. In correspondence dated January 16, 2020, Defendants indicated that discovery has been

6

conducted for a year and a half and significant paper discovery has taken place (ECF No. 106.) Pursuant to the Court's scheduling order, discovery was to have been completed by October 12, 2018. (ECF No. 23.) Defendants thereafter consented to extend the deadline to December 10, 2018. (ECF No. 64.)

Defendants request that the Court close discovery except for any outstanding issues pertaining to Plaintiff's motion to compel (ECF No. 78)[1] and for all discovery to be closed once the outstanding issues relating to the motion to compel are resolved. The Court is cognizant that there has been protracted discovery in this matter and agrees that discovery should be closed expeditiously. Plaintiff will have two weeks after he is provided with outstanding information related to the motion to compel to complete any remaining discovery[2], at which point discovery will be closed.

## Conclusion

For the reasons set forth above, the Court finds the following:

1. With respect to interrogatories 6, 20 and 21 served on Defendant

---

[1] Plaintiff's motion to compel was the subject of a previous Decision and Order, dated September 24, 2019, which granted in part and denied in part Plaintiff's motion. (ECF No. 93.) However, several issues related to the motion to compel still remained after that Decision and Order, which have been addressed herein.

[2] As far as the Court is aware, this includes the names of the Attica staff members who were present during Plaintiff's "stop frisk" on August 28, 2015, as well as the names of the Attica staff members who escorted Plaintiff to the mental health unit later that same day. The Court is waiting to hear back from Defendants' counsel to determine whether it is permitted to provide these names to Plaintiff after having conducted an *in camera* review of the Office of Special Investigations file and the logbook. The Court was unable to locate in the materials provide for *in camera* reivew the name of the individual who Plaintiff claims was the "lobby desk officer" on the date of the incident.

Kingsley, the Court ruled from the bench that Defendant's answer to interrogatory 6 was sufficient, interrogatory 20 has been resolved because Defendants subsequently provided Plaintiff with the requested information, and the Court sustained Defendants' objection from the bench with respect to interrogatory 21. Finally, the Court ruled from the bench that Defendant Kingsley's "s/" was sufficient for his signature on the interrogatories;

2. With respect to interrogatories 9 and 10 served upon Defendant Stefaniak, the Court sustains Defendants' objections on the grounds that the requested information is not relevant and, accordingly Defendant Stefaniak is not required to respond to those interrogatories;

3. With respect to interrogatories 8 and 14 served on Defendant Rejman, the Court ruled from the bench that Defendant's responses to these interrogatories were sufficient;

4. Defendants Coburn and Kingsley are not required to respond to Plaintiff's Second Set of Interrogatories as Plaintiff has already served in excess of the 25 interrogatories statutorily permitted on both of those Defendants, and Defendants have responded to 25 interrogatories each; and

5. Discovery in this matter is closed with respect to all matters unrelated to Plaintiff's motion to compel (ECF No. 78), and with

respect to the motion to compel, all discovery will be closed two weeks after Plaintiff has been provided the outstanding discovery. The parties are directed to inform the Court when the two-week period has expired.

**IT IS SO ORDERED.**

DATED:  January 27, 2020
  Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge